UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICH RYAN GARCIA,<br><br>         Plaintiff,<br><br>v.<br><br>ATTORNEY JULIE COBALT; AMY OLSEN; JOHN GOING,<br><br>         Defendants. | Case No.: 17-CV-630-JLS (JLB)<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT; AND**<br>**(2) DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 2, 3) |

  Presently before the Court is Plaintiff Rich Ryan Garcia's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP Mot.," ECF No. 2.) Also before the Court is Plaintiff's Motion to Appoint Counsel. ("Counsel Mot.," ECF No. 3.)

**IFP MOTION**

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating that he has no source of income, no savings, and no assets. (*See generally* IFP Mot.) Plaintiff further claims he has "just been released from prison" and is in a transitional housing program. (*Id.* at 2.) Given the foregoing, the Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2

17-CV-630-JLS (JLB)

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In his Complaint ("Compl."), Plaintiff alleges that he was going to prosecute Olson and Going, who were tenants of "our La Jolla Residence" at "5436 Taft Ave." (Compl. 2.) But he claims that their attorney, Cobalt, "coached and assisted them to falsify documents and records [and] gave false statements so that [he] would be held on Fed Hold and [thus] unable to attend [a] prior court hearing against Olson / [testify] to [the] judge." (*Id.*) He also claims that Defendants "received mail from Escondido AAA that was for [Plaintiff and] opened [his] mail and saw [a] complaint from Escondido AAA and used this information to falsify state to assist U.S. Attorney Jamie Perks." (*Id.*) However, Plaintiff does not identify what documents Defendants allegedly falsified or, in one instance, what they falsely stated to cause law enforcement to prevent him from testifying at a court

hearing. Plaintiff also states that Defendants Olson and Going "threatened our witnesses who gave affidavits . . . stating if they didn't remove affidavits they would be fired [from their jobs at Albertson's]!" (*Id.*) But Plaintiff fails to identify a viable cause of action that would support relief based on these allegations. He asks the Court to "prosecute" Defendants for falsifying documents and for opening mail, but Plaintiff cannot personally seek criminal penalties against these Defendants. And Plaintiff provides no civil causes of action tethered to his allegations. Moreover, it is not clear that the Court would have jurisdiction over what appear to be claims in an ongoing state law case.

The Court therefore finds that Plaintiff has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Because Plaintiff fails to state a cognizable claim for relief, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel (ECF No. 3). *See, e.g.*, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (noting that, among other things, a court may appoint counsel after "an evaluation of the likelihood of the plaintiff's success on the merits").

## CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to § 1915(a), (ECF No. 2);

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, (ECF No. 1). Plaintiff **MAY FILE** an amended complaint <u>within thirty (30) days of the date on which this Order is electronically docketed</u>. *Should Plaintiff fail to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice*; and

/ / /

/ / /

/ / /

/ / /

/ / /

3. **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel, (ECF No. 3).

**IT IS SO ORDERED.**

Dated: June 20, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge